UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

D.D. ON BEHALF OF HERSELF AND HER CHILD,
JANE DOE,

                                  Plaintiffs,      Civ. No.

                                                        COMPLAINT

          - against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
NEW YORK CITY BOARD OF EDUCATION, AND
CHANCELLOR RICHARD CARRANZA IN HIS
OFFICIAL CAPACITY,

                                  Defendants.
_____

PRELIMINARY STATEMENT

1. This is an action brought under, *inter alia*, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), on behalf of Plaintiff, D.D., as well as her daughter Jane Doe ("J.D.")

JURISDICTION AND VENUE

2. This Court has jurisdiction D.D.'s federal claim for reasonable attorneys' fees and costs awarded to the prevailing party in an administrative proceeding under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(A), 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C. § 1331.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as the judicial district in which Defendants are situated and/or reside.

## PARTIES

4. Plaintiff D.D. is the mother and natural guardian of J.D., formerly a child with a disability under the IDEA.

5. D.D. and J.D. reside in Queens, New York.

6. Initials are used throughout this Complaint to preserve the confidentiality of sensitive medical, educational, and disability-related information under the IDEA and the Family Educational Rights and Privacy Act of 1974 ("FERPA").

7. Upon information and belief, according to Defendants, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("Department" or "DOE") is the official body charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980). It is a recipient of federal financial assistance.

8. Defendant, THE NEW YORK CITY BOARD OF EDUCATION ("the Board of Education" or "the Board"), was or continues to be the official body charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York. It is a recipient of federal financial assistance.

9. Upon information and belief, Defendant, Richard Carranza ("the Chancellor"), is the Chancellor of the New York City School District and, as such, is entrusted with the specific powers and duties set forth in N.Y. Educ. Law § 2590-h.

10. All Defendants jointly and/or individually constitute the "Local Educational Agency" under the IDEA.

## FACTS

11. Plaintiff retained the services of an attorney for the purpose of bringing an impartial due process hearing ("Impartial Hearing") against Defendants pursuant to the IDEA and Section 504 alleging, *inter alia*, a denial of a Free Appropriate Public Education ("FAPE") and sought, *inter alia*, prospective funding and compensatory education for the 2015-2016 school year.

12. As a result of Defendants' failure to provide a FAPE and appropriately address J.D.'s many and varied disabilities and deficits, on August 5, 2015, on behalf of the Plaintiff, her attorneys requested an impartial hearing by filing a Due Process Complaint ("DPC") with Defendants' Impartial Hearing office.

13. The allegations in the DPC are incorporated herein by reference.

14. Defendants designated Plaintiff's hearing as Case Number 156739 and assigned impartial hearing officer ("IHO") Michael K. Lambert, Esq.

15. Following the filing of Exhibit A, Defendants were unable to implement the stay-put provisions of the IDEA, 20 U.S.C. § 1415.

16. There were three hearing dates held before IHO Lambert.

17. Further, due to the fact that Defendants were not able to implement the stay-put provisions of the IDEA, resulting in the student missing six weeks of school for her junior year of high school.

18. This failure pertained to various policy and procedural changes at the local and state level.

19. As Defendants do not operate any other program for children with significant disabilities who are regular diploma bound, the state-approved private school at issue was the only program in the city that could have accommodated J.D.

20. As a result of the above, Plaintiffs' counsel had to undertake numerous communications with the student's school's counsel, the New York State Education Department, Defendants' impartial hearing implementation unit and Defendants' attorneys and representatives.

21. At one point, Plaintiffs' counsel was preparing to commence a federal action to implement the orders of the hearing officer relating to stay-put services.

22. Although the hearing officer issued an order directing Defendants to provide five hours per day of 1:1 special education teacher services to J.D. during the first two months of the 2015-2016 school year, Defendants did not do so.

23. Defendants left J.D.'s family to their own devices.  A tutoring provider was eventually funded by the DOE, but J.D. fell behind in her studies, as Defendants did not ensure continuity of school work to J.D. during the time that she was out of school.

24. Moreover, due to the actions of Defendants' counsel, additional work was required by Plaintiff's counsel.

25. During the hearing, Defendants' non-attorney representative had indicated that Defendants Committee on Special Education was not objecting to the implementation of services.

26. However, despite the above, Defendants' counsel decided to actively litigate the matter, causing additional work.

27. For example, Defendants' counsel filed motions to quash subpoenas that required a response from Plaintiffs' counsel.

28. Further, on the eve of hearing, two of Defendants' attorneys filed notices of appearance and advised that Defendants planned to oppose the services at issue, requiring extensive preparation on the day prior to the hearing.

29. On the morning of the hearing, Plaintiffs' counsel and Defendants' counsel, Ms. met at the hearing office and agreed to try to narrow the scope of the hearing to minimize additional litigation.

30. Although settlement negotiations were not fruitful, the parties were able to narrow the scope of the dispute, Defendants' counsel withdrew their appearances and Defendants' representative rested without calling witnesses.

31. Further, after Defendants' rested, Plaintiffs withdrew some of the evidence that was prepared to limit the size of the record to focus on remedy.

32. Due to the complexities involved, however, and the unique medical issues, a closing statement was prepared and filed.

33. On August 10, 2016 IHO Lambert issued a Findings of Fact and Decision ("FOFD").

34. As a result of the FOFD, Plaintiffs were prevailing parties.

35. The Defendants failed to appeal the FOFD.

36. Further, following the issuance of the FOFD, Defendants failed to timely and appropriately implement the FOFD.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### SECTION 504 OF THE REHABILITATION ACT

37. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

38. Defendants discriminated against J.D. under Section 504 by, *inter alia*, denying her reasonable accommodations, adopting systemic policies, procedures and practices that violated her rights under the IDEA, New York State law and engaging in widespread and pervasive violations of the IDEA and New York State Education law.

39. Defendants discriminated against J.D. under Section 504 by, *inter alia*, committing extensive, repeated, gross, knowing and reckless violations of multiple provisions of the IDEA and New York State law, as well as failing to ensure equal access to school and after-school activities which were made available to her non-disabled peers.

### SECOND CAUSE OF ACTION
### THE IDEA

40. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

41. Defendants did not offer J.D. a FAPE for the school years alleged herein.

42. Defendants' application of blanket policies and practices violates the IDEA.

43. Defendants failed to implement J.D.'s stay-put rights under the IDEA.

THIRD CAUSE OF ACTION
42 U.S.C. § 1983

44. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

45. Defendants have violated 42 U.S.C. §1983 by depriving Plaintiffs, under color of state law, of their rights, privileges, and immunities under federal statutory and constitutional law.

46. By implementing, promulgating, and continuing to enforce and/or effectuate policies, practices, and customs as alleged herein, Defendants have denied I.A. the educational services to which he is entitled under the IDEA and New York law, in violation of 42 U.S.C. § 1983.

47. By failing to supervise and train their employees and agents concerning the federal and state laws and policies that mandate special education and general education services to Plaintiff I.A. , Defendants have violated 42 U.S.C. §1983.

48. By failing to ensure that the orders, FOFD and pendency rights were implemented, Defendants violated 42 U.S.C. §1983.

49. The Defendants violated Plaintiffs' rights under 42 U.S.C. § 1983 by failing to have adequate policies, procedures, protocols, and training to ensure that the provisions of the IDEA and Section 504 referenced herein were complied with, which deprived J.D. of her right to an appropriate education under federal and state law.

50. Under color of state law, the Defendants deprived J.D. of her right to educational services afforded to her under New York State law, in violation of the Fourteenth Amendment of the U.S. Constitution.

51. As a direct and proximate result of the Defendants' misconduct, J.D. suffered harm.

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Assume jurisdiction over this action;

(b) Award equitable relief based on the failure to timely and appropriately implement the orders of the IHO, the FOFD and stay-put rights.

(b) Award Plaintiff reasonable attorneys' fees and costs in accordance with his status as the prevailing party in Case No. 156739;

(c) Award Plaintiff's attorneys' fees and costs incurred in this; and

(d) Award such other, and further, relief as to the Court may seem just and proper.

Dated:      August 12, 2019
            New York, New York

                                    Respectfully submitted,
                                    THE LAW OFFICE OF ELISA HYMAN, P.C.

                                            /s/
                                    By_____
                                    Elisa Hyman, Esq.
                                    The Law Office of Elisa Hyman, P.C.
                                    1116 Broadway, 12th Floor
                                    New York, NY 10010
                                    Phone: (646) 572-9064
                                    Fax: 646-572-9055
                                    elisahyman@gmail.com
                                    *Attorneys for Plaintiffs*

8